# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACEE McKINNEY,<br><br>               Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>               Defendant. | Case No. 19-cv-1485-BAS-MDD<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; AND DIRECTING U.S. MARSHAL TO EFFECT SERVICE PURSUANT TO 28 U.S.C. § 1915(d) AND FED. R. CIV. P. 4(c)(3)**<br><br>**[ECF No. 2]** |

Plaintiff Tracee McKinney filed a complaint against Bank of America, N.A. ("BofA") alleging BofA breached the parties' mortgage agreement. (ECF No. 1.) Along with her complaint, Plaintiff filed a motion for leave to proceed in forma pauperis. (ECF No. 2.)

**I.     MOTION TO PROCEED IN FORMA PAUPERIS**

Under 28 U.S.C. § 1915, a litigant who because of indigency is unable to pay the required fees or security to commence a legal action may petition the court to proceed without making such payment. The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506 U.S. 194 (1993) (holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining

whether the affiant has satisfied the statute's requirement of indigency"). It is well-settled that a party need not be completely destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.* at 339. At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See, e.g.*, *Stehouwer v. Hennessey*, 841 F. Supp. 316, 321 (N.D. Cal. 1994), *vacated in part on other grounds*, *Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995). Moreover, "*in forma pauperis* status may be acquired and lost during the course of litigation." *Wilson v. Dir. of Div. of Adult Insts.*, No. CIV S-06-0791, 2009 WL 311150, at *2 (E.D. Cal. Feb. 9, 2009) (citing *Stehouwer*, 841 F. Supp. at 321). Finally, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Here, Plaintiff claims she receives $1,799 per month in disability. She is not employed and has only $100 in her checking account. However, she owns a home valued at $320,000 (the subject of the alleged foreclosure action in this case) and a car valued at $28,000. Plaintiff states her expenses are $2,898 per month. Although the Court finds it implausible that Plaintiff can afford a lifestyle where her expenses greatly exceed her income, the Court finds it is unlikely Plaintiff would be able to afford the costs of litigation, given she is unemployed and living off of disability and food stamps. (ECF No. 2, at 5.) Therefore Plaintiff meets the requirements for IFP status under 28 U.S.C. § 1915 and the Court **GRANTS** Plaintiff leave to proceed in

forma pauperis. However, if it appears at any time in the future that Plaintiff's financial picture has improved for any reason, the Court will direct Plaintiff to pay the filing fee to the Clerk of the Court. This includes any recovery Plaintiff may realize from this suit or others and any assistance Plaintiff may receive from family or the government.

## II. SCREENING

The Court must screen every civil action brought pursuant to 28 U.S.C. § 1915(a) and dismiss any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim").

As amended by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP provisions of § 1915 make and rule on its own motion to dismiss before directing the Marshal to effect service pursuant to Federal Rule of Civil Procedure 4(c)(3). *See* Fed. R. Civ. P. 4(c)(3); *Navarette v. Pioneer Med. Ctr.*, No. 12-cv-0629-WQH (DHB), 2013 WL 139925, at *1 (S.D. Cal. Jan. 9, 2013).

All complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 556 U.S. at 663–64 (citing *Twombly*, 550 U.S. at 556); *see also Barren v.*

*Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

Here Plaintiff states she entered into a contract (a deed of trust) with BofA. She states she performed under the contract by making payments on the mortgage, but BofA breached the contract by failing to apply the payments as it should. Assuming all allegations in the complaint to be true, the Court finds Plaintiff has sufficiently stated a breach of contract claim. *See Morris v. Green Tree Servicing, LLC*, No. 2:14-cv-1998-GMN-CWH, 2015 WL 4113212, at *4 (D. Nev. July 8, 2015) (finding the plaintiff alleged a breach of contract claim by alleging the defendant failed to apply the mortgage payments in the contractual order of priority).[1] The Court notes that although the complaint survives screening, this does not preclude Defendant from bringing a motion to dismiss.

The Court:

(1) **DIRECTS** the Clerk to issue a summons as to Plaintiff's complaint (ECF No. 1) and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for Defendant, and, in addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of her complaint and the summons so that she may serve Defendant. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285 as completely and accurately as possible, *include an address where Defendant may be found*, and return it to the United States Marshal according to the instructions the Clerk provides in the letter accompanying her IFP package.

(2) **ORDERS** the U.S. Marshal to serve a copy of the complaint and summons upon Defendant as directed by Plaintiff on the USM Form 285 provided to her. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d);

---

[1] Plaintiff also sufficiently alleges the Court has diversity jurisdiction over this case because she alleges the parties are diverse and she seeks at least $130,000 in damages (the difference in the mortgage balance).

– 4 –

1 | Fed. R. Civ. P. 4(c)(3);

2 |     (3) **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendant, or, if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document she seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendant or its counsel, and the date of that service. *See* S.D. Cal. Civ. L. R. 5.2. Any document received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service upon Defendant, may be disregarded.

    **IT IS SO ORDERED.**

**DATED: August 15, 2019**

Hon. Cynthia Bashant
United States District Judge